AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY   **7:20-cv-10086-CS**

| **United States District Court** | District Southern District of new york | |
|---|---|---|
| Name *(under which you were convicted)*: Tyrin Gayle | | Docket or Case No.: S8 16-cr-361(cs) |
| Place of Confinement: USP Canaan | Prisoner No.: 77732-054 | |
| UNITED STATES OF AMERICA | v. | Movant *(include name under which convicted)* Tyrin Gayle |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court, 300 Quarropas Street, White Plains, New York 10601

   (b) Criminal docket or case number (if you know): S8 16-cr-361 (CS)

2. (a) Date of the judgment of conviction (if you know): 8/27/2018

   (b) Date of sentencing: 8/27/2018

3. Length of sentence: 30 years

4. Nature of crime (all counts): count one Racketeering Conspiracy)Count two (Attempted Murder in Aid of Racketeering Activity) Count three (Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering Activity). Count four ( Narcotics Conspiracy).count five (Use of a Minor in Drug operations). Count SIX (Firearms offense) . Count seven (obstruction of Justice).

5. (a) What was your plea? (Check one)
   (1) Not guilty [X]      (2) Guilty [ ]      (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?



6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]      No [X]

Page 2 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?     Yes [X]       No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: __United states court of appeals for the second circuit.__
   (b) Docket or case number (if you know): __18-2624__ __( )__
   (c) Result: __AFFIRM__
   (d) Date of result (if you know): __12/19/2019__
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: The only evidence that appellant used a minor in a drug
       operation was unqualified opinion testimony that was not corroborated by
       reliable evidence. This was insufficient to establish appellant's guilt
       under count Five.    This point.1. see point-2. and point.3. in table
       of contents of the Brief for defendant-Appellant.

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes [ ]     No [X]
       If "Yes," answer the following:
       (1) Docket or case number (if you know): __N/A__
       (2) Result: __N/A__
       __N/A__
       (3) Date of result (if you know): __N/A__
       (4) Citation to the case (if you know): _____
       (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications,
    concerning this judgment of conviction in any court?
    Yes [ ]    No [X]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: __N/A__
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

Page 3 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

    (4)   Nature of the proceeding: _____N/A_____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes ☐     No ☒

    (7)   Result:

    (8)   Date of result (if you know): _____N/A_____

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)   Name of court: _____

    (2)   Docket of case number (if you know): _____

    (3)   Date of filing (if you know): _____

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes ☐     No ☒

    (7)   Result:

    (8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)   First petition:    Yes ☐    No ☒

    (2)   Second petition:  Yes ☐    No ☒

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

      Due to me having seizures and being incompetant over a medical issue.

Page 4 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE:  See memorandum of law

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

        See memorandum of law

(b)  Direct Appeal of Ground One:
     (1)  If you appealed from the judgment of conviction, did you raise this issue?
          Yes ☐        No ☒
     (2)  If you did not raise this issue in your direct appeal, explain why:

          Ineffective assistance of counsel.

(c)  Post-Conviction Proceedings:
     (1)  Did you raise this issue in any post-conviction motion, petition, or application?
          Yes ☐        No ☒
     (2)  If you answer to Question (c)(1) is "Yes," state:
     Type of motion or petition:          N/A
     Name and location of the court where the motion or petition was filed:
          N/A
     Docket or case number (if you know):          N/A
     Date of the court's decision:
     Result (attach a copy of the court's opinion or order, if available):  N/A

     (3)  Did you receive a hearing on your motion, petition, or application?
          Yes ☐        No ☒

Page 5 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☒

(5)   If your answer to Question (e)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☒

(6)   If your answer to Question (e)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (e)(4) or Question (e)(5) is "No," explain why you did not appeal or raise this issue:

**Ineffective Assistance Of Counsel**

GROUND TWO:   See memorandum of law.

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

see memorandum of law.

(b)   Direct Appeal of Ground Two:

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

_Ineffective ₊assistance of counsel_

(c)  Post-Conviction Proceedings:

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☒

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:     N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):     N/A

Date of the court's decision:     N/A

Result (attach a copy of the court's opinion or order, if available):     N/A

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):     N/A

Date of the court's decision:     N/A

Result (attach a copy of the court's opinion or order, if available):     N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

**GROUND THREE:**   See memorandum of law

---

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See memorandum of law

---

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?   N/A

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):      N/A

Date of the court's decision:        N/A

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:     N/A

GROUND FOUR:       See MEMORANDUM OF LAW

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See MEMORANDUM OF LAW

(b)  Direct Appeal of Ground Four:
(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐     No ☐
(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  Post-Conviction Proceedings:
(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐     No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

Type of motion or petition:    N/A

Name and location of the court where the motion or petition was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(3)  Did you receive a hearing on your motion, petition, or application?
Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?
Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:    N/A

13.  Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

Page 10 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

07788025

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the
you are challenging?        Yes ☐        No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the
judgment you are challenging:
(a) At the preliminary hearing:    Sam Braverman
    (address)
    New York, NY 10007

(b) At the arraignment and plea:
                                    Joseph Vita

(c) At the trial:
              Sam Braverman

(d) At sentencing:
              Calvin Scholar

(e) On appeal:
              Malvina Nathanson

(f) In any post-conviction proceeding:
                        N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

                        N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
and at the same time?        Yes ☒        No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?        Yes ☐        No ☒
(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

                        N/A

(b) Give the date the other sentence was imposed:        N/A
(c) Give the length of the other sentence:        N/A
(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
sentence to be served in the future?        Yes ☐        No ☐

Page 11 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions
and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The instant motion is timely filed.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
    (1)   the date on which the judgment of conviction became final;
    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 12 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

That his conviction be vacated

or any other relief to which movant may be entitled.

remanded for retrial or that a conditional stipulated
agreement between the parties be conducted if possible
in lieu of a retrial,
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on   11/17/2020   .
(month, date, year)

Executed (signed) on   November 5/2020   (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Print     Save As...     Add Attachment     Reset

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions
and terms and conditions of the Matthew Bender Master Agreement.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TYRIN GAYLE aka "Spazzo",          Case No. S8 16-CR-361 (CS)
   Petitioner,

V.

UNITED STATES OF AMERICA,
   Respondent.

MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO VACATE, CORRECT, OR SET ASIDE
SENTENCE UNDER 28 U.S.C. §2255

Defendant, TYRIN GAYLE, respectfully moves this Court for
an order to vacate, correct, or set aside the Court's previous
judgment in the above captioned case. This memorandum is in
support of that request.

Through this memorandum in support of the above captioned
"Petitioner" Defendant, Tyrin Gayle, pro se, respectfully
moves this Court to rule upon the constitutional merit of his
claims. Gayle also requests an evidentiary hearing.

1

## INTRODUCTION

Gayle was sentenced in 2018 to thirty years imprisonment based on his participation in both a racketeering (RICO) conspiracy, and that of a narcotics conspiracy. Count Six charged Gayle with the possession, brandishing, and discharging of firearms during, in furtherance of, and in relation to, the racketeering conspiracy charged in Count One and the drug trafficking conspiracy charged in Count Four, and aiding and abetting the same, in violation of 18 U.S.C. §924(c)(1)(A)(i),(ii),(iii), and 2.

The conspiracies accounted for only 240 months of his term; the rest was the result of the one count brought under 18 U.S.C. §924(c), which forced this Court to impose a mandatory consecutive term of 10 years. Through this collateral appeal, Gayle challenges the procedure leading to the judgment. As explained below, Gayle claims that a mistake that violated the Constitution or federal law was made during his trial or sentencing. Respectfully, this Court has the authority to vacate, correct, or set aside its prior conviction if found that Petitioner's claims warrant such relief.

## FACTUAL BACKGROUND

The offenses charged in the Indictment alleged that from 2015, up to and including May 2016, that Gayle and others conspired, or agreed, to conduct and participate in the conduct of a racketeering enterprise through a series of specific criminal acts that

2

constituted a pattern of racketeering activity. Gayle was indicted on seven charges. Gayle exercised his constitutional right to trial and was found guilty on all counts. He was sentenced to a 360 month prison term-- to simplify it, Counts One, Three, Five, and Seven, 20 years concurrent with each other; Counts Two and Four, 10 years concurrent with each other and with sentences on One, Three, Five, and Seven; and Count Six, 10 years consecutive for the §924(c) count.

Gayle appealed the judgment of conviction in the United States Court of Appeals for the Second Circuit under three grounds. The Second Circuit entered its ruling by Summary Order, and decreed that the judgment of the District Court be affirmed. See, Case 18-2624, Doc. 97-1, 12/19/2019. Otherwise, Gayle assumes both, the parties familiarity with the underlying facts and the procedural history of the case.


SUMMARY OF ARGUMENT


Gayle asserts that the District Court's failure to give the jury a required "curative instruction" or other remedial measure to determine which seperate offense, or both, served as a predicate to sustain his conviction under 18 U.S.C. §924(c) violated his right to due process as this determination had to be made "unanimously" by the jury. Gayle avers that he was convicted under Count Six by a non-unanimous jury vote. In Richardson V. United States, 526 U.S. 813, 815, 119 S.Ct. 1707, 1709, 143 L. Ed. 2d

985 (1999), the Supreme Court found that the jury in a federal
criminal case cannot convict unless it "unanimously" finds that
the Government has proven each element of the crime. Also, Fed.
R. Crim. P. 31(a) requires a unanimous verdict in **all** federal
jury cases. Evidence gleamed from the record will show that this
Court in a previous similar circumstance, provided the jury with
such a curative or remedial measure.

The above mentioned federal rules are rules by which Gayle
can secure his substantive rights. Although procedural law does
not state the law, it outlines procedures that **must** be followed
in applying the substantive law. As such, Gayle's right to a
unanimous verdict as to which seperate specified crime, or both,
formed the basis of his statutory conviction under 18 U.S.C.
924(c) was violated. This procedural defect has caused a prejud-
icial affect on Gayle's "going forward", because following the
Supreme Court's decision in **United States V. Davis**, 139 S.Ct.
2319(2019), the racketeering conspiracy charged in Count One can
no longer as a matter of law, serve as a predicate offense to
support the firearm offense charged in Count Six. The Government
has conceded this point. See, Gov't Brief at 12. But, the Govern-
ment was afforded an impermissable "second bite of the apple",
because it could now rely on the narcotics predicate charged in
Count Four; yet neither distinct disjunctive charge was unani-

4

mously found by the jury. For the reasons articulated below, Gayle
avers that his conviction and sentence under 18 U.S.C. §924(c) cannot
stand.

## CRIMINAL PROCEDURES

Laws are designed to protect society from harm. When Gayle broke
the law, he irrefutably committed a crime against the public. Because
the public has suffered as a result of Gayle's crimes, the United
States represented the public's interest in justice by representing
its claims against Gayle through court action. The U.S. Constitution
guarantees Gayle's right to jury trial in a criminal case. Jury trials
consist of 12 citizens who listen to facts and present their decision,
the verdict. In criminal proceedings, a unanimous vote of the jurors
is necessary. The judge charges the jury, instructing them regarding
the law that relates to the case, and provides guidance in reaching
a verdict. Prior to Gayle's trial, each attorney prepared and sub-
mitted to the judge a set of requested jury instructions. By doing
so, each attorney made sure that the judge does not overlook any
point that the attorney considers important.

## THE GOVERNMENT'S REQUEST TO CHARGE

The Government's "Request To Charge" was presented to the Court
to ensure that it shouldered the burden of proving the criminal cha-
rges against Gayle. Because the government is charged with seeking
justice on behalf of the public interest, transparency and ethical

integrity is paramount. To fulfill its duty in this aspect, the Government set out through its request to charge, an obligation to prove that Gayle had violated the constituent parts of the crime(s) as defined by statute. These "elements" must be proven for the prosecution to win a conviction.

## THE ELEMENTS OF COUNT SIX (The Firearms Count)

The element of proof the Government burdened itself with providing in order to win a conviction under the §924(c) count was as follows:

The Government must prove the Defendant used or carried the firearm, or aided and abetted the use and carrying of the firearm, during and in relation to the specified crime of violence (the racketeering conspiracy) or the specified drug trafficking crime (the narcotics conspiracy), or possessed a firearm, or aided and abetted the possession of the firearm, in furtherance of the specified crime of violence or specified drug trafficking crime. See, Doc. 158, pg. 56 of 96. And, as a "General Request", the Government asked that the Court give its usual instruction to the jury that a verdict as to guilt or innocence must be unanimous. See, Request No. 1, General Request, pg. 7 of 96.

## DEFENSE COUNSEL'S MODIFICATION OF
## GOVERNMENT REQUEST 35 (Firearm Count)

Defense sought to modify the Government's request as follows: "As stated earlier, to find either of these facts to have been proven or not proven, you must unanimously agree as to the fact you are c

6

considering. It is not sufficient for either fact if some of you agree as to one fact and others agree to the other fact." See, Doc. 161, filed 8/7/17, pg. 3 of 4.

### THE COURT'S CHARGE & INSTRUCTIONS TO
### THE JURY FOR COUNT SIX

The Court's jury charge for Count Six is as follows: "Count Six charges that the Defendant "knowingly" used and carried firearms and aided and abetted the same during and in relation to the racketeering conspiracy charged in Count One **"and"** the narcotics conspiracy charged in Count Four of the indictment. This means if you find that the Defendant is not guilty 'of both' the racketeering conspiracy in Count One and the narcotics conspiracy charged in Count Four then you cannot consider Count Six."

### THE AMBIGUITY IN THE COURTS JURY INSTRUCTION

As both crimes have distinct definitions/functions that set out two different crimes the latter language of the Courts instruction in the conjunctive was defective as it caused an ambiguous burden on the jury. Both parties to the controversy requested a disjunctive instruction be given, because the word "or" seperated the crimes and their elements. This was pertinent as two distinct crimes were said to have been committed and the Government had to prove as defense counsel acquiesced that a unanimous verdict had to be given as to which crime or both had been predicated to sustain a 924(c) conviction.

The Court stated "if you find that the Defendant is not guilty

7

'of both' the racketeering conspiracy in Count One and the narcotics conspiracy charged in Count Four then you cannot consider Count Six".

First, as mentioned, Gayle was accused of two seperate crimes, as such if he would have been found guilty of just one crime it would have had to be determined unanimously whether that chosen specified crime was in relation to the 924(c) offense. Therefore, "both" crimes need not be established for the firearm count to be considered.

Second, the Government would have had to prove that on those occasions during the crime of violence "or" the drug trafficking crime that the firearm was employed in furtherance of such crime.

Therefore, the Court's instruction improperly inferred that for the firearm count to be considered, Gayle had to be found guilty of "both" the racketeering conspiracy and the narcotics conspiracy and this was not a true or accurate assessment to be given as an instruction.

## THE NEXUS ELEMENT

This also clearly distorted the nexus element, for as Gayle argued no nexus was established that the firearm was employed as to the narcotics conspiracy. Not once did the Government give an account where a firearm was used "during and in relation to" drug trafficking. No evidence was presented that Gayle personally used a firearm during drug trafficking. All evidence pointed to retaliatory shootings between feuding members of rival gangs.

## THE PRINCIPLE OF RECENT LAW AS TO THE
## NEXUS OF A GUN AND DRUG TRAFFICKING

In the case of **United States v. Rosario**, 2019 WL 6320332, the Second Circuit found that a "specific nexus between the firearm and the drug trafficking offense need be shown to be in furtherance of such an offense." As the Court reminded us, "a gun may, of course, be possessed for any number of purposes, some lawful, others unlawful." (quoting United States v. Chavez, 549 F. 3d 119, 130 (2d Cir. 2008)). Therefore, §924(c)'s "in furtherance of element cannot be satisfied 'by relying on the generalization that any time a drug dealer possesses a gun, that possession is in furtherance, because drug dealers generally use guns to protect themselves and their drugs.'"(quoting United States v. Snow, 462 F. 3d 55,62 (2d Cir. 2006)). Rather, there <u>must</u> be evidence of a "specific nexus" between the charged firearm and the federal drug trafficking crime.

This recent case law which bases its principles on prior Circuit panel decisions is pertinent to Gayle's previous argument of insufficiency as to his 924(c) conviction's nexus element. For it could have had bearing on the jury's decision of whether the Government sufficiently shouldered its burden of proving the elements of whether Gayle violated 924(c) in relation to the narcotics conspiracy.

GAYLE'S SENTENCING

The Fifth and Sixth Amendments afforded Gayle the right to have the jury determine, unanimously, and beyond reasonable doubt, his guilt as to every element of the crime/crimes with which he was charged. The opening sentence of 18 U.S.C. §924(c) shows the intention of the legislature was for the Government to prove that a criminal defendant committed either or both seperate forms of the offenses to be held under its provision by providing:

Any person who, during and in relation to any crime of violence or drug trafficking crime...

Thus, the intention of the legislature is to be collected from the words they employ (to which the crimes listed are clearly seperated by the disjunctive or), and to determine that a case is within the intention of a statute, especially of a penal act, its language must authorize such a determination. When there is no ambiguity [in the words of a statute] there is no room for construction.

The Court used such construction by determining Sua Sponte, which conspiracy the jury based its verdict despite its jurisprudential knowledge of Yates, 354 U.S. 298, in which the Supreme Court found "that a general verdict of guilty in a criminal case must be set aside where it is supportable on one ground, but not on another and it is impossible to tell which ground the jury selected. This impossibility which the Court was aware of arose from the disjunctive theories of culpability that were submitted to the jury and one of them was legally insufficient. Consequently, the Honorable Court abused its discretion by improperly placing itself in the capacity of

of the empaneled jury by determining which predicate was relied upon.
This clearly violates due process as this charge was left strictly
to the jury.

## GAYLE'S 924(C) CONVICTION REQUIRED A UNANIMOUS
## JURY VERDICT UNDER THE SIXTH AMENDMENT

Recently, the Supreme Court of the United States held that in
jury trials of criminal cases, the verdict **must** be unanimous to con-
vict the defendant, overruling **Apodaca v. Oregon**, 406 U.S. 404 (1972).
Because the Sixth Amendment requires unanimity, Gayle possesses a
constitutional right to demand that his liberty not be taken from him
except by the joint action of the Court and the **unanimous** verdict of
a jury of 12 persons. The Sixth Amendment afforded Gayle a right to
a trial by jury as understood and applied by common law, to include
all the essential elements as recognized in this country and England
when the Constitution was adopted. This includes a requirement that
the verdict should be unanimous.

There can be no question as to whether the Sixth Amendment's
unanimity requirement applies to state and federal criminal trials
equally, as the Sixth Amendment's right to a jury trial is fundamental
to the American scheme of justice and incorporated against the States
under the 14th Amendment. Incorporated provisions of the Bill Of Rights
bear the same content when asserted against states as they do when
asserted against the federal government.

11

So, if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in state court, it requires no less in federal court. At the time of the Sixth Amendment's adoption, the right to a trial by jury included a right to a unanimous verdict. When the American people chose to preserve that right in the Constitution, they weren't suggesting fruitful topics for future cost-benefit analysis. They were seeking to ensure that their children's children would benefit from the same hard-won liberty they enjoyed.

It is not the role of courts to reassess whether the right to a unanimous jury is important enough to retain. With humility, this Court must accept that this right may serve purposes evading its current notice. Courts are entrusted to preserve and protect that liberty, not balance it away by no more than social statistics.

Stare decisis isn't supposed to be the art of methodically ignoring what everyone knows to be true. Certainly, the precedents of the United States Supreme Court warrant deep respect as embodying the considered views of those who have come before. But stare decisis has **never** been treated as an unalterable command. And the doctrine is at its weakest when courts interpret the United States Constitution, because a mistaken judicial interpretation of that supreme law is often practically impossible to correct through other means. To balance these considerations, when it revisits a precedent the

Supreme Court has traditionally considered the quality of the dec-
ision's reasoning; its consistency with related decisions; legal
development since the decision; and reliance on the decision. Here
Gayle asks the Court to do the same.

Gayle avers that the Supreme Court's recent holding in **Ramos v.
Louisiana**, 590 U.S. (2020), and the granting of Certiorari in **Edwards
v. Vanney**, which questions whether the recent decision applies retro-
actively to cases on collateral review advances his claim in favor
of relief. Gayle asserts that respectfully "the writing is on the
wall" as to this decision of constitutional, substantive, and fund-
amental magnitude being made retroactive to §2255 actions.

Gayle further  supports his claim that unanimity was not prop-
erly reached to convict him of the 924(c) charge as supplied by the
sentencing record. If it pleases the Court, Gayle respectfully requ-
ests this Court to scrutinize Tr. pg's 22 through 26. As shown through
the Court's admissions, the jury was not questioned or polled for
the unanimity dispute at issue. For there was no evidence of record
to corroborate on which charge the jury determined "unanimously"
that served as the predicate for the 924(c) conviction. This also
led to the Court's concern under **Yates**, 354 U.S. 298, in which dis-
junctive theories of culpability are submitted to the jury and it's
impossible to tell which ground the jury selected and one of the
theories is legally insufficient.

Therefore, it was beyond the Court's discretion to resolve this probability, and when the Court chose to make this determination it abused its discretion in violation of Gayle's Sixth Amendment right to have a jury decide unanimously on which predicate it relied upon to convict him under 924(c). This decision was essential to Count Six for the disjunctive **or** set out two seperate crimes for the jury to determine.

## CONCLUSION

For the foregoing reasons, Gayle asks that under this Court's discretion and in tandem with the Supreme Court's interpretory resolution with Ramos, that his conviction for Count Six be vacated and remanded for retrial or that a conditional stipulated agreement between the parties be conducted if possible in lieu of a retrial, to save trial expenditures.

Respectfully Submitted,

*Y. Gayle*

## THE YATES ISSUE

The Court in sentencing transcript pg. 25, lines 23-24, already stated that (1) and (3) are met, so here are multiple reasons why (2) is met also:

1) No cooperating witness ever testified that the "beef" was over drugs, nor were they ever asked if the "beef" was over drugs.

2) No cooperating witness ever testified that Gayle or anyone else alleged in the conspiracy had ever tried to sell drugs in or takeover SouthSide's alleged "drug territory", or that SouthSide attempted the same.

3) It is impossible to tell which ground the jury selected because of the disjunctive theories of culpability that were submitted to the jury and one of them is legally insufficient.

4) The cooperating witnesses stated that the "beef" started when Gayle and Warren were shot for an "undisclosed reason", which means the jury couldn't have possibly found Gayle guilty of Count Six "in furtherance of a drug crime" when noone ever stated what the "beef" was over.

5) A conviction cannot stand when a juror "thinks" or "guesses" a defendant is guilty.

6) Just because a drug dealer possesses a gun doesn't mean its in furtherance of a drug crime, because "a gun may, of course, be possessed for any number of purposes, some lawful, others unlawful"

(quoting United States v, Chavez, 549 F. 3d 119, 130 (2d Cir.)2008)).

7) Gayle was convicted for selling drugs and allegedly SouthSide members sell drugs. But never was there a "specific nexus" between the alleged "beef" and the drugs. Yes, cooperating witnesses testified that the alleged shootings were mostly in drug territory, but if one is looking for someone, they will go to the place where the other can be found and whatever takes place has "nothing to do with drugs".

8) The testimonies of the cooperating witnesses only could have possibly proven that there were "retaliatory shootings" between two gangs that began when Gayle was shot for an "undisclosed reason". But there was absolutely NO EVIDENCE that the shootings were "during and in relation to" or "in furtherance of" drug trafficking.

Tyrin Gayle 777


USP Canaan
P.O Box 300
Waymart, P.a 18472



7019 0700 0001 8296 9096


U.S. POSTAGE PAID
FCM LG ENV
WAYMART, PA
18472
NOV 19, 20
AMOUNT
$0.00
R2305K138948-30

1000       10601





Clerk of Court
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

"Legal Mail"