The Government shall, no later than 5/27/21, state its position as to whether Petitioner should be allowed to amend to assert a claim for ineffective assistance of counsel, which it seems would be timely. The Clerk shall send a copy of this endorsement to Petitioner. This Order shall be docketed in 20cv10086 and 16cr361.

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.


RECEIVED
MAY 06 2021
U.S.D.C.
W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TYRIN GAYLE,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | 5/6/21 | Case #: 7:20-cv-10086-CS<br>District Judge: Cathy Seibel<br>Magistrate Judge: Andrew Krause<br><br>Supplement Clarifying Ineffective<br>Assistance of Counsel Ground<br>Of 2255 Motion |

COMES NOW DEFENDANT-MOVANT Tyrin Gayle, and respectfully files the following clarification to his "Ineffective Assistance of Counsel" claim of his motion pursuant to 28 U.S.C. § 2255.

Pursuant to Federal Rules of Civil Procedure 15(a)(1)(B), Mr. Gayle is amending his complaint to his initial 28 U.S.C. § 2255 motion.

1

Trial Attorney, Mr. Sam Braverman, failed to object to the Judge's changing of the Disjunctive Language of <u>or</u>, to <u>and</u>, during the Jury charge. Rules of Criminal Procedure 30(d) Jury Instruction states: "....Failure to Object in accordance with this Rule precludes appellate review, except as permitted under Rule 52(b). Trial Counsel's failure to follow this Rule deprived Mr. Gayle of his substantial Due Process Rights 'To a trial by Jury', protected by 6th Amendment of the U.S. Constitution; To have a unanimous Jury verdict. See <u>Yates</u>, 354 U.S. 298.

Mr. Gayle's Sentencing Attorney, Mr. Calvin Scholar, also, failed to object when Judge Cathy Seibel abused her discretion, when she improperly placed herself in the capacity of the impaneled Jury. When she ruled which predicate was relied upon. See Sentencing Transcripts Pg. 25 line 19- Page 27 Line 10. Despite her jurisprudence knowledge of <u>Yates</u>, 354 U.S. 298.

Also, on page 24 lines 1-6, where at the Sentence phase of Trial; when Judge Cathy Seibel stated, what she "thinks" as opposed to what the Jury chose. This is how the Judge abused her discretion, when she substituted her opinion on the verdict, when the Jurors are the judges of fact.

At sentencing, Atty. Calvin Scholar stated for clarity on the record, the Court's position when it denied his argument concerning Mr. Gayle's <u>Yates</u> issue on the constitutionality of his general verdict. See Sentencing Transcript page 26 lines 6-21 through page 27 line 1. Thereby preserving the record for appellate review.

Appellant Attorney Malvina Nathanson was "ineffective" in the performance of her obligation; when she did not mention the <u>Yates</u> issue on Direct. During the ordinary course of litigation a reasonable Attorney looks for any objection of rights preserved at Trial and/or at Sentencing. Ms. Nathanson would and should have known that Mr. Scholar preserved the record pertaining to Mr. Gayle's <u>Yates</u> issue.

Ms. Nathanson's performance deficiency is highlighted, again, when she did not raise his <u>Davis</u> claim on Direct Appeal. Even though this claim was indisputably available to him. The objection by Gayle's Sentencing Counsel, Mr. Scholar, Esq., preserved such claim, for Direct Appeal.

## PREJUDICE

As a result of the above stated facts, Mr. Gayle was prejudice by the effects of the above Attorney's "Ineffectiveness" preventing him from moving forward, which caused him to remain sentenced to a consecutive 10 year sentence.

3

The injurious affects of the above Counsel, is the type of discrepancy resulted from a Jury's general verdict, Hence, why it is important that Mr. Gayle's verdict [must] be unanimous. Without a curative instruction the Court offended Gayle's Due Process Rights of the 6th and 14th Amendment of the U.S. Constitution.

I, Tyrin Gayle, declare under the penalty of Perjury the above statements are true and correct to the best of my knowledge.

_____, Case Manager,
Authorized by the Act of July 7, 1955,
as amended, to administer oaths
(18 USC 4004)
USP Canaan

Signed under penalty of Perjury under 28 U.S.C. § 1746 this 29 day of ___April___, 2021.

_____
Tyrin Gayle

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRIN GAYLE,<br>　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | Case #: 7:20-cv-10086-CS<br>District Judge: Cathy Seibel<br>Magistrate Judge: Andrew Krause<br><br>Supplement Clarifying Ineffective<br>Assistance of Counsel Ground<br>Of 2255 Motion |

COMES NOW DEFENDANT-MOVANT Tyrin Gayle, and respectfully files the following clarification to his "Ineffective Assistance of Counsel" claim of his motion pursuant to 28 U.S.C. § 2255.

Pursuant to Federal Rules of Civil Procedure 15(a)(1)(B), Mr. Gayle is amending his complaint to his initial 28 U.S.C. § 2255 motion.

1

Trial Attorney, Mr. Sam Braverman, failed to object to the Judge's changing of the Disjunctive Language of or, to and, during the Jury charge. Rules of Criminal Procedure 30(d) Jury Instruction states: "....Failure to Object in accordance with this Rule precludes appellate review, except as permitted under Rule 52(b). Trial Counsel's failure to follow this Rule deprived Mr. Gayle of his substantial Due Process Rights 'To a trial by Jury', protected by 6th Amendment of the U.S. Constitution; To have a unanimous Jury verdict. See Yates, 354 U.S. 298.

Mr. Gayle's Sentencing Attorney, Mr. Calvin Scholar, also, failed to object when Judge Cathy Seibel abused her discretion, when she improperly placed herself in the capacity of the impaneled Jury. When she ruled which predicate was relied upon. See Sentencing Transcripts Pg. 25 line 19- Page 27 Line 10. Despite her jurisprudence knowledge of Yates, 354 U.S. 298.

Also, on page 24 lines 1-6, where at the Sentence phase of Trial; when Judge Cathy Seibel stated, what she "thinks" as opposed to what the Jury chose. This is how the Judge abused her discretion, when she substituted her opinion on the verdict, when the Jurors are the judges of fact.

At sentencing, Atty. Calvin Scholar stated for clarity on the record, the Court's position when it denied his argument concerning Mr. Gayle's <u>Yates</u> issue on the constitutionality of his general verdict. See Sentencing Transcript page 26 lines 6-21 through page 27 line 1. Thereby preserving the record for appellate review.

Appellant Attorney Malvina Nathanson was "ineffective" in the performance of her obligation; when she did not mention the <u>Yates</u> issue on Direct. During the ordinary course of litigation a reasonable Attorney looks for any objection of rights preserved at Trial and/or at Sentencing. Ms. Nathanson would and should have known that Mr. Scholar preserved the record pertaining to Mr. Gayle's <u>Yates</u> issue.

Ms. Nathanson's performance deficiency is highlighted, again, when she did not raise his <u>Davis</u> claim on Direct Appeal. Even though this claim was indisputably available to him. The objection by Gayle's Sentencing Counsel, Mr. Scholar, Esq., preserved such claim, for Direct Appeal.

## PREJUDICE

As a result of the above stated facts, Mr. Gayle was prejudice by the effects of the above Attorney's "Ineffectiveness" preventing him from moving forward, which caused him to remain sentenced to a consecutive 10 year sentence.

3

The injurious affects of the above Counsel, is the type of discrepancy resulted from a Jury's general verdict, Hence, why it is important that Mr. Gayle's verdict [must] be unanimous. Without a curative instruction the Court offended Gayle's Due Process Rights of the 6th and 14th Amendment of the U.S. Constitution.

I, Tyrin Gayle, declare under the penalty of Perjury the above statements are true and correct to the best of my knowledge.

_____, Case Manager,
Authorized by the Act of July 7, 1955,
as amended, to administer oaths
(18 USC 4004)
USP Canaan

Signed under penalty of Perjury under 28 U.S.C. § 1746 this 29 day of ____April____, 2021.

_____
Tyrin Gayle



Tyrin Gayle 77732-054
USP Canaan
P.O. Box 300
Waymart

Legal Mail

RECEIVED
MAY 06 2021
U.S.D.C.
W.P.

Pro Se Intake Unit
Charles L. Brieant Courthouse
300 Quarropas Street
White Plains, N.Y 10601

7020 3160 0000 2133 8262

CERTIFIED MAIL