

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

May 12, 2021

**BY ECF AND HAND DELIVERY**

The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      **Re:**   *United States* v. *Tyrin Gayle*, 16 Cr. 361 (CS)/ 20 Civ. 10086 (CS)

Dear Judge Seibel:

      The Government respectfully submits this letter in response to the defendant's request to amend his petition to vacate, set aside, or correct his sentence (the "Petition") to include new ineffective assistance of counsel claims. The Petition in its current form does not allege ineffective assistance of counsel. For the following reasons, the Government opposes the defendant's request.

      **I.**    **Background**

      On or about September 5, 2017, Gayle was convicted after a jury trial of all counts in the above referenced indictment. On or about August 27, 2018, the Court sentenced Gayle to thirty years' imprisonment followed by five years' supervised release and imposed a $700 mandatory special assessment. Gayle appealed the judgment to the Second Circuit. The Second Circuit denied the appeal on or about December 19, 2019 and the mandate of dismissal was issued on or about March 11, 2020. Time to file a petition for a writ of certiorari expired on or about March 18, 2020.[1]

      On or about November 23, 2020, Gayle filed the Petition. (Dkt. No. 351). The Government opposed the Petition on or about April 15, 2021. (Gov't Opp., Dkt. No. 368). In a letter dated April 22, 2021, Gayle filed a letter requesting leave to amend his Petition. (Dkt. No. 369). On or about April 30, 2021, the Court denied Gayle's request, finding that Gayle had already declined the opportunity to amend and presented no reason why he should be permitted to do so after the Government had responded to the Petition. (*Id.*) Nonetheless, by a filing dated April 29, 2021 and filed on May 6, 2021, Gayle seeks to amend his Petition to include claims of ineffective

---

[1] Time to file a petition for a writ of certiorari is calculated 90 days from the entry of judgment (not from the issuance of the mandate). *See* Supreme Court Rule 13(3); *Clay v. United States*, 537 U.S. 522, 527 (2003).

assistance of counsel by his counsel at trial, counsel at sentencing, and counsel on appeal. (Mot. to Amend, Dkt. 370).

## II. Gayle's Claim of Ineffective Assistance is Untimely

Gayle should not be permitted to amend the Petition because his new claims of ineffective assistance of counsel are untimely. Title 28, United States Code, Section 2255(f) imposes a one-year statute of limitations on motions to vacate brought under § 2255, which runs from the latest of several specified events, including "the date on which the judgment of conviction becomes final," "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" or "the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (3), (4). For federal criminal defendants who do not file a petition for certiorari with the Supreme Court on direct review, the one-year limitation period pursuant to Section 2255(f)(1) begins to run when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 532 (2003). This one-year filing window is consistent with the purpose of § 2255, which is "to advance the finality of criminal convictions." *Mayle v. Felix*, 545 U.S. 644, 662 (2005); *see also Alnutt v. United States*, 588 F. App'x 45, 47 n.1 (2d Cir. 2014) ("This principle is even more salient in habeas proceedings because of AEDPA's one year filing deadline, which bars claims not raised in the original petition or motion if the belatedly asserted claims articulate a new ground for relief.").

The Second Circuit has recognized that a court may equitably toll the one-year limitations period if the defendant shows "that extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll." *Rivera v. United States*, 484 F. App'x 145, 146 (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2011). "[W]e set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). To be eligible for equitable tolling, a defendant must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).[2]

Gayle's request to amend includes new claims of ineffective assistance that were not raised in the original Petition and would provide a new ground for relief. In the Petition, Gayle challenges his mandatory consecutive sentence on Count Six, which charged Gayle with possession and use of a firearm in furtherance of the racketeering conspiracy in Count One and the narcotics

---

[2] The Supreme Court has also held that a state prisoner filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 could overcome the applicable one year statute of limitations upon a showing of "actual innocence." *McQuiggen v. Perkins*, 569 U.S. 383. 392-93, 398-400 (2013). Courts have applied the "actual innocence" exception with equal force to habeas motions by federal prisoners. *See, e.g.*, *Lopez v. United States*, 2017 WL 1424328, at *4 n.4 (S.D.N.Y. Apr. 20, 2017); *United States v. Torres*, 2017 WL 78513, at *2 (S.D.N.Y. Jan. 9, 2017). Here, however, Gayle makes no claim of actual innocence nor is there any scintilla of evidence suggesting his innocence of any of the crimes of conviction, including the Section 924(c) offense.

conspiracy in Count Four. Gayle argued that the Supreme Court's decision in *United States v. Davis* invalidated the racketeering offense as a lawful predicate and that the Court's failure to instruct the jury to determine which of the two offenses served as the predicate for his conviction resulted in a non-unanimous jury verdict. (Petition 3-5). As set forth in the Government's opposition, Gayle procedurally defaulted this claim by failing to raise it on appeal and offered no explanation for the default. (Gov't Opp. 6-10). In his request to amend, Gayle now asserts: (1) that his trial counsel failed to object to the operative jury instruction as to Count Six; (2) that his sentencing counsel failed to object when the Court abused its discretion regarding the legal predicate for Count six, even though sentencing counsel explicitly addressed the issue during the proceeding; and (3) that appellate counsel was ineffective by not asserting the issue raised in the Petition on appeal. (Mot. to Amend 2-3).

Gayle's new ineffective assistance of counsel claims are time-barred. Although Gayle's allegations regarding his various attorneys are factually related to the *Davis* claim in the Petition to some extent, they arise at different points of the relevant criminal proceedings (extending not only to the trial, but to sentencing and on appeal) and, significantly, are predicated on his various counsel's performance at those points in the proceedings. These claims would be pleaded discretely from the claim currently asserted in the Petition, relying on separate "congeries of facts." *See Mayle v. Felix*, 545 U.S. 644, 661 (2005) (defining parameters of relation back in the context of habeas petitions). Because the new claims do not relate back to the original Petition, they are proscribed by AEDPA's one year statute of limitations. *See id*; *Alnutt*, 588 F. App'x at 47, n.1. Gayle's new claims are time-barred whether the one-year statute of limitations is calculated from the date the conviction became final (March 2020), when the *Davis* decision was issued by the Supreme Court (June 2019), or when the facts supporting an ineffective assistance claim could have been discovered through the exercise of due diligence (at the latest, after Gayle's appeal was filed in September 2019). At the latest, Gayle had until March 19, 2021, one year from his time to petition for a writ of certiorari expired, to assert the new claims.

Moreover, Gayle has not made any showing that extraordinary circumstances prevented him from asserting an ineffective assistance claim on time. To the contrary, there can be no reasonable dispute that Gayle could have asserted an ineffective assistance claim when he initially filed the Petition in November 2020. The facts underlying the proposed ineffective assistance claims were known to the defendant; he was present during the trial and at sentencing and received copies of the briefing of both parties on appeal. Nonetheless Gayle failed to assert an ineffective assistance claim in his Petition and cannot do so now. *See Jenkins v. Greene*, 646 F. Supp. 2d 615, 621 (S.D.N.Y. 2009) (finding ineffective assistance claim untimely where the factual basis was known to the petitioner, but the petitioner did not raise the claim in initial habeas petition).

Gayle's request to amend is merely an attempt to get a second bite at the apple to combat the Government's assertion that he procedurally defaulted the claim in his Petition by not raising it on direct appeal. (Gov't Opp. 6-10). Specifically, the Government argued in its opposition that Gayle failed to show cause for failing to assert the *Davis* claim on direct appeal and that his bald assertion of "ineffective assistance of counsel" in the form attaching his legal memorandum, without explanation or specificity, was an insufficient excuse. (*Id.* 8-9). Gayle should not be permitted now, after the statute of limitations has expired, to amend his Petition in a belated attempt to cure its deficiency – especially after the Court had previously granted additional time to amend.

### III. Amendment of the Petition Would be Futile

Gayle's proposed amendments to the Petition should also be denied because amendment would be futile. A motion to amend a habeas petition is analyzed under the standards set forth in Federal Rule of Civil Procedure 15(a). *See Ching v. United States*, 298 F. 3d 174, 180 (2d Cir. 2002). Although under that rule, leave to amend "shall be freely given when justice so requires" a court may deny leave "where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive" including where amendment would be futile. *Id.*at 180. For the reasons described above, amendment would be futile because the claims are time-barred. *See Jorge v. Phillips*, 2008 WL 344718, at *2 (S.D.N.Y. 2008) (denying leave to amend 2254 petition as futile where claim was time-barred).

But even if the Court were inclined to permit Gayle to amend the Petition after the statute of limitations has passed, amendment of the Petition would also be futile because each of Gayle's proposed ineffective assistance claims would fail. As the Court is well-aware, a claim of ineffective assistance of counsel fails unless a defendant (i) overcomes a "strong presumption" that his counsel's conduct was reasonable and shows that his representation "fell below an objective standard of reasonableness" under "prevailing professional norms," and (ii) affirmatively prove[s] prejudice," that is, shows that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694-94 (1984). The burden rests on the defendant to establish both elements. *Id.* at 687. For the sole purpose of addressing this argument in brief here, even assuming *arguendo* that Gayle could show that any of his attorneys were deficient (for which there is no basis in the record), he would nonetheless not be able to make out an ineffective assistance claim because he cannot show prejudice. All of Gayle's proposed ineffective assistance claims are premised on his various attorneys' failures to appropriately object to or appeal the jury instructions and jury verdict on the Section 924(c) offense at various stages in the criminal proceedings. As set forth in detail in the Government's Opposition to the Petition, Gayle suffered no prejudice from either the jury instructions or resulting jury verdict on the Section 924(c) offense because the evidence presented at trial overwhelmingly proved that his possession of firearms was in furtherance of his participation in *both* the charged racketeering and narcotics conspiracies. Gayle therefore cannot make out an ineffective assistance claim at any stage of the proceedings and permitting him to amend his Petition now to add such a claim would be futile.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:   /s/ Jacqueline Kelly_____
      Maurene Comey & Jacqueline Kelly
      Assistant United States Attorneys
      (212) 637-2324/ 2456

cc:   Tyrin Gayle (by U.S.P.S.)

## AFFIRMATION OF SERVICE

I, Jacqueline Kelly, affirm under penalty of perjury as follows:

1. I am an Assistant United States Attorney in the Southern District of New York.

2. On May 12, 2021, I caused a copy of the foregoing to be served on the petitioner by certified mail at the following address:

> Tyrin Gayle
> Reg. No. 77732-054
> U.S.P. Canaan
> P.O. Box 300
> Waymart, PA 18472

Dated: New York, New York
       May 12, 2021

                                            */s/ Jacqueline Kelly*
                                            Jacqueline Kelly
                                            Assistant United States Attorney
                                            (212) 637-2456