

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

July 9, 2021

**BY ECF AND HAND DELIVERY**

The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   **Re:** *United States* v. *Tyrin Gayle*, 16 Cr. 361 (CS)/ 20 Civ. 10086 (CS)

Dear Judge Seibel:

  The Government respectfully submits this letter in further support of its opposition to the defendant's request to amend his petition to vacate, set aside, or correct his sentence (the "Petition"). On or about June 22, 2021, the Second Circuit decided *United States v. Eldridge*, 1803294-cr, __F.4th __, 2021 WL 2546175 (2d Cir. June 22, 2021), a case with direct application to the defendant's Petition. A copy of the decision is attached hereto for the Court's consideration.

  In *Eldridge*, as in the instant case, the defendant was convicted at trial for a violation of 18 U.S.C. § 924(c) based on multiple predicates. And, as in the instant case, the verdict form for the defendant's 18 U.S.C. § 924(c) offense did not specify the predicate(s) on which the jury relied.[1] However, the Court in *Eldridge* held that the defendant failed to show prejudice under the third prong of the plain-error test because there was "strong evidence" that the defendant in fact committed an attempted Hobbs Act Robbery, which is a valid predicate for a Section 924(c) offense. 2021 WL 2546175, at *8. Therefore, the Court concluded, "the jury would have returned a guilty verdict on [the Section 924(c) offense] even it had been instructed that only attempted Hobbs Act robbery was a valid predicate under § 924(c)." *Id.*

  Although the decision in *Eldridge* is in the context of a direct appeal, it is instructive here as the defendant bears a high burden in asserting his claim on collateral review. In particular, because Gayle did not raise the issue on direct appeal and has not established that he is actually innocent, he procedurally defaulted his claim of error under *Yates*. *See Riccardi v. United States*, __ Fed. App'x __, 2021 WL 2587564, at *1 (2d Cir. June 24, 2021). Therefore, he must establish

---

[1] In *Eldridge*, the jury convicted the defendant of two predicate counts: kidnapping and Hobbs Act robbery. The Hobbs Act robbery count included two theories of liability: (1) conspiracy to commit Hobbs Act robbery and (2) attempted Hobbs Act robbery. 2021 WL 2546175, at *8.

(1) cause for failing to raise his challenge on direct appeal and (2) actual prejudice resulting from the alleged error. *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019).[2]

As set forth in the Government's opposition brief, the defendant cannot show any prejudice resulting from the alleged error. The defendant's violation of Section 924(c) was predicated on both his participation in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and a narcotics conspiracy, in violation of 21 U.S.C. § 846. There was overwhelming evidence presented at trial that the defendant committed the underlying narcotics conspiracy, which indisputably remains a valid predicate offense for a Section 924(c) violation. Moreover, the evidence showed that the narcotics conspiracy and racketeering conspiracy were inextricably linked. Indeed, the jury found both the underlying racketeering conspiracy and narcotics conspiracy offenses proved beyond a reasonable doubt and the offenses related to the same set of facts. There can thus be "no doubt" that the jury would have concluded that the defendant had discharged a firearm during and in relation to his participation in the narcotics conspiracy. *See Eldridge*, 2021 WL 2546175, at *9. *See also Riccardi*, 2021 WL 2587564, at *1 (relying on *Eldridge* in affirming denial of Section 2255 Petition where the invalid predicate – Hobbs Act conspiracy – and the valid predicate – substantive Hobbs Act robbery – related to the same set of facts).

For the reasons stated herein, and in the Government's opposition brief dated April 15, 2021, the Petition should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:   /s/  Jacqueline Kelly
Maurene Comey & Jacqueline Kelly
Assistant United States Attorneys
 (212) 637-2324/ 2456

cc:   Tyrin Gayle (by U.S.P.S.)

---

[2] The defendant has amended his Petition to add claims of ineffective assistance related to, *inter alia*, his counsels' failure to pursue this issue at each stage of the proceeding. Construed generously, these new claims may constitute the defendant's attempt to show cause for failing to raise the issue on direct appeal.

## AFFIRMATION OF SERVICE

I, Jacqueline Kelly, affirm under penalty of perjury as follows:

1. I am an Assistant United States Attorney in the Southern District of New York.

2. On July 9, 2021, I caused a copy of the foregoing to be served on the petitioner by certified mail at the following address:

Tyrin Gayle<br>
Reg. No. 77732-054<br>
U.S.P. Canaan<br>
P.O. Box 300<br>
Waymart, PA 18472

Dated: New York, New York
       July 9, 2021

_____
Jacqueline Kelly
Assistant United States Attorney
(212) 637-2456