Tyrin Gayle  
Reg.No 77732-054  
USP Canaan  
P.O.BOX 300  
Waymart PA 18472

RECEIVED JUL 14 2021 U.S.D.C. W.P.

Gayle v. United States Of America

Docket No.: 20cv10086

Case Number 7:16-cr-00361-CS

The Honorable Cathy seibel  
United states District Court  
Southern District of New York  
300 Quarropas Street  
White Plains, New York 10601

Dear Judge Seibel:

The defendent respectfully submits this letter to amend a new case to my 2255 motion, see attachment "NEWLY DISCOVERED". Favorable Federal Circuit Opinions for the week of June 28- July 2, 2021, 2nd circuit (United States vs. Heyward, (No.19-1054-cr)(2nd circuit June 28,2021).This case is the exact same argument that i have in my 2255, & the court vacated Heyward's 18 U.S.C (§924(c) conviction and remanded for further proceedings.

I ask that you respectfully consider the decision in the Heyward's case, when you're deciding on your answer to my 2255. Please & Thank You.

Respectfully,

TYRIN GAYLE

*/signature/*

"ATTACHMENT"

TRULINCS 77732054 - GAYLE, TYRIN - Unit: CAA-C-A

----------------------------------------------------------------------------------------

FROM: Wade, Alexa                           "NEWLY DISCOVERED"
TO: 77732054
SUBJECT: Fourth of July Weekend
DATE: 07/02/2021 06:36:11 PM

Alert Update   U. S. Supreme Court Happenings, Favorable Federal Circuit Opinions & Other News June 28-July 2, 2021
Supreme Court Happenings for the Week ending July 2, 2021

    Yesterday, the Court held in final conference of this term.

    Today, the Court issued its final Orders from the July 1, 2021 conference. There are nine grants of certiorari. The only criminal law grant is yet another debate over what qualifies as a "crime of violence" under federal statutory law. This time the issue concerns application of 924(c)'s added mandatory punishments for gun use in the case of United States v. Taylor, (No. 20-1459), which formally presents this question:

    Whether 18 U.S.C. 924(c)(3)(A)'s definition of "crime of violence" excludes attempted Hobbs Act robbery, in violation of 18 U.S.C. 1951(a).

In addition, there are lots of GVRs and statements concerning cert dispositions on free speech, religion, takings and qualified immunity issues. But nearly half of the 54-page order list is consumed with a per curiam summary reversal and dissent in the capital case of Dunn v. Reeves,(No. 20-1084) (S. Ct. July 2, 2021). Here is how the 12-page majority opinion starts:

    Willie Johnson towed Matthew Reeves' broken-down car back to the city after finding Reeves stranded on an Alabama dirt road. In payment for this act of kindness, Reeves murdered Johnson, stole his money, and mocked his dying spasms. Years after being convicted of murder and sentenced to death, Reeves sought state postconviction relief, arguing that his trial counsel should have hired an expert to develop sentencing-phase mitigation evidence of intellectual disability. But despite having the burden to rebut the strong presumption that his attorneys made a legitimate strategic choice, Reeves did not call any of them to testify.

    The Alabama Court of Criminal Appeals denied relief, stressing that lack of evidence about counsel's decisions impeded Reeves' efforts to prove that they acted unreasonably. On federal habeas review, the Eleventh Circuit held that this analysis was not only wrong, but indefensible. In an unpublished, per curiam opinion that drew heavily on a dissent from denial of certiorari, the Eleventh Circuit reinterpreted the Alabama court's lengthy opinion as imposing a simple per se prohibition on relief in all cases where a prisoner fails to question his counsel. It was the Eleventh Circuit, however, that went astray in its "readiness to attribute error." Federal habeas courts must defer to reasonable state-court decisions, 28 U.S.C. §2254(d), and the Alabama court's treatment of the spotty record in this case was consistent with this Court's recognition that the absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.

Favorable Federal Circuit Opinions for the Week of June 28-July 2, 2021
2nd Circuit
United States v. Heyward, (No.19-1054-cr) (2nd Cir. June 28, 2021)  In November 2016, a jury convicted Corey Heyward of (1) conspiring to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count One); (2) conspiring to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (Count Two); and (3) possessing or aiding and abetting the possession of firearms in furtherance of either the racketeering conspiracy or the narcotics conspiracy charged in the prior two counts, in violation of 18 U.S.C. § 924(c) (Count Three). As reflected on the verdict sheet, the jury specially found that the pattern of racketeering activity charged in Count One encompassed both narcotics and murder conspiracy conduct. It also found that a firearm relevant to Count Three was discharged in furtherance of the Count One racketeering conspiracy but was not discharged in furtherance of the separate Count Two narcotics conspiracy. Following the law of the Circuit at the time, the district court sentenced Heyward to 120 months' imprisonment for Count Three, to be served consecutive to his concurrent 120-month sentences for Counts One and Two. However, our recent decisions in the wake of United States v. Davis, 139 S. Ct. 2319 (2019), preclude 18 U.S.C. § 924(c) from being applied to a murder conspiracy. Given the possibility that Heyward's § 924(c) conviction was based on murder conspiracy conduct rather than on a qualifying drug-trafficking offense, the Court held that his conviction on Count Three is invalid. The Court therefore vacated Heyward's 18 U.S.C. § 924(c) conviction and remanded for further proceedings consistent with this opinion.

6th Circuit
United States v. Brenner, (No. 19-5647) (July 1, 2021)  Brenner pled guilty to being a felon in possession of a firearm and ammunition. The Government sought to enhance her sentence under the Armed Career Criminal Act (ACCA) based on a Tennessee reckless aggravated assault conviction related to impaired driving. The district court agreed with Brenner's argument that Tennessee reckless aggravated assault could not be a "violent felony" for the ACCA's purposes. The Government appealed the district court's order and we held this case in abeyance pending the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817, 2021 WL 2367312 (2021). Analyzing the same statute under which Brenner was convicted, Borden held that the ACCA's elements clause does not "include[] offenses criminalizing reckless conduct." Id. at *5 (plurality opinion). After Borden, the Government moved to dismiss its appeal. The Court Granted the government's motion.

Tyrin Gayle 77732-054
USP Canaan
P.O. Box 300
Waymart, PA 18472

RECEIVED
JUL 14 2021
U.S.D.C.
W.P.

THIS CORRESPONDENCE IS FROM AN INMATE CURRENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF PRISONS

CERTIFIED MAIL

7013 2630 0001 7326 0135

To SC Intake
Charles L. Briant Cou[rthouse]
300 Quarropas
White Plains, N.Y.

10601-415093

U.S. POSTAGE PAID
FCM LETTER
WAYMART, PA
18472
JUL 12, 21
AMOUNT
$0.00
R2305K138948-05