

**MEMO ENDORSED**

August 31, 2021

The Honorable Cathy Siebel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: <u>United States v. Tyrin Gayle,</u>
    16 Cr. 361 (CS)/20 Civ. 10086 (CS)

> Petitioner is advised that his 7/20/21 letter was docketed on 7/21/21 (ECF #24 in 20-CV-10086 & ECF #375 in 16-CR-361). The Clerk shall send a copy of this endorsement to Petitioner.
>
> So Ordered. Cathy Seibel USDJ 9/7/21

Dear Judge Siebel,

The Defendant respectfully submits this missive in furtherance of his position and in opposition of the Gov'ts recent correspondence to the Court. On July 20, 2021, the Defendant responded to the Gov'ts <u>Eldridge</u> Argument and mailed it to the Court through Certified Mail. The Defendant is sending a copy of the Certified Mail Receipt and a copy of his response from July 20, 2021 with this missive. The Defendant is sending this missive because he has sent his response on July 20, 2021 and it has yet to get docketed. The Defendant just wants to make sure there are no discrepancies when you make your decision on his 2255 Motion. Thank You.

Respectfully Submitted,

*Tyrin Gayle* (signature)
Tyrin Gayle

_____, Case Manager,
Authorized by the Act of July 7, 1955,
as amended, to administer oaths
(18 USC 4004)
USP Canaan

July 20, 2021

The Honorable Cathy Siebel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: United States v. Tyrin Gayle, 16 Cr. 361 (CS)/20 Civ.10086 (CS)

Dear Judge Siebel:

The Defendant respectfully submits this missive in furtherance of his position and in opposition of the Government's recent correspondence to the Court. The Government's position that Eldridge is instructive is true, but, there are circumstances which differentiate and distinguish how these instructions must be applied to each individual case. The case cited by the Gov't mirrors only two (2) viewpoints; that Gayle was convicted at trial for a violation of 18 U.S.C. §924(c), based on multiple predicates, and the verdict form concerning this offense didn't specify on which predicate the jury relied upon. After these aspects the mirror becomes opaque, because Eldridge cannot dull nor diminish Gayle's Yates, Davis, and Heyward claims, the mirror is reflective of relief in favor of the Defendant.

1.

Reason being, the verdict form did not ask the jury to specify on which predicate it was basing the §924(c). Thus, as Gayle argues this form of structural error, as the Supreme Court noted in United States v. Marcus, 560 U.S. 258, 263 (2010), effected his substantial trial rights under both, the 5th & 6th Amendments. Especially, if the Court were to conclude "Sua Sponte," on which predicate the jury relied upon. This would clearly infringe upon Gayle's rights, and <u>override</u> the body of individuals selected and sworn to inquire into a question of fact in which to give <u>their</u> verdict according to the evidence.

Secondly, Courts are to be impartial to the adversarial nature of trial, and judicial factfinding of this magnitude would bring into question the Court's integrity, or public reputation of judicial proceedings. The Gov't also argues that Gayle's Yates issue has gone unpreserved. Yet, the record demonstrates "judicial activism" of this concern as the Court spoke on letting the "higher court" determine this issue on appeal. This form of activism is practiced in the judiciary to protect or expand individual rights that depart from established precedent, and Yates was precedential and the Court's concern on the record demonstrated to Gayle's counsel that the issue should've been preserved for appeal.

Gayle's counsel failed to explore and **advance** the materiality of both pertinent issues; the Court's departure from precedent and that "disjunctive theories were submitted to the jury, and [one (or more)] of those theories was legally insufficient." It takes only "one" of the theories to be legally insufficient to support Gayle's Yates claim.

Consequently, Gayle's counsel at the appellate stage was ineffective for not raising these grounds on appeal.

Lastly, there was not strong evidence that Gayle's intention for discharging a firearm was in connection to selling drugs (the narcotics conspiracy), but in fact to retaliation, due to being shot at by rivals. There's were no sting operations conducted nor testimony that Gayle used firearms to advance his alleged selling of narcotics. Therefore, Gayle's Heyward claim also reflects that his pattern of racketeering activity involved the discharging of a firearm, rather than on the qualifying drug-trafficking offense.

Respectfully, the Court is asked not to conclude on which predicate the jury could've based Gayle's §924(c) conviction, although, there remains a valid predicate, as Heyward was decided by the 2nd Circuit right after Eldridge and its instruction is on point with the issue(s) at present, for Heyward is at present current law.

Respectfully,
/s/ *Y. Gayle*
Tyrin Gayle
July 20, 2021

3.



Tyrin Gayle 77732-054
USP Canaan
P.O Box 300
Waymart, P.a 18472





  

U.S. POSTAGE PAID
FCM LG ENV
WAYMART, PA
18472
SEP 02, 21
AMOUNT
$0.00
R2305K138948-30



RECEIVED
SEP 07 2021
CHAMBERS OF
CATHY SEIBEL
U.S.D.J.

Honorable Cathy Siebel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y 10601-4150.

THIS CORRESPONDENCE IS
FROM AN INMATE CURRENTLY
IN THE CUSTODY OF THE
FEDERAL BUREAU OF PRISONS